UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN CHESTER THOMPKINS, JR.,

    Petitioner,                                  Civil Case No. 05-70188
                                                            HONORABLE PATRICK J. DUGGAN

v.

MARY BERGHUIS,

    Respondent,
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Van Chester Thompkins, Jr. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on September 28, 2006. Petitioner seeks to appeal the Court's decision with respect to the issues presented in his habeas petition. He therefore filed a motion on October 17, 2006, seeking a certificate of appealability from this Court. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983)(quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980))(emphasis added and internal

citation and quotation marks omitted).  As the Supreme Court more recently stated, when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

  This Court dismissed Petitioner's application for a writ of habeas on its merits. Petitioner raised numerous claims in support of his petition, including prosecutorial misconduct, ineffective assistance of trial counsel, a violation of his Fifth Amendment privilege against self-incrimination, and error by the trial court in failing to suppress certain identification testimony.  In his claim asserting prosecutorial misconduct, Petitioner asserted *inter alia* that the prosecutor improperly elicited evidence of Petitioner's exercise of his right to remain silent and offered evidence of the aider and abettor charge against Eric Purifoy, Petitioner's co-defendant, as well as Purifoy's jury verdict and guilty plea conviction.  The correctness of Petitioner's first assertion rested on the Court's determination with respect to Petitioner's claim that he invoked his right to remain silent and that his Fifth Amendment rights therefore were violated when police officers continued to question him for almost three hours.  In his ineffective assistance claim, Petitioner asserted that his trial counsel was ineffective in failing *inter alia* to request a limiting instruction regarding the use of Purifoy's jury verdict and guilty plea and the aider and abettor charge against Purifoy.

  While the Court continues to believe that Petitioner is not entitled a writ of habeas

corpus for the reasons set forth in its Opinion and Order of September 28, 2006, the Court believes that the issues specifically identified above may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of these issues. The Court does not find the remaining issues raised in the petition debatable among jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issues, only:

(1) Whether prosecutorial misconduct violated Petitioner's right to due process when the prosecutor offered evidence of Purifoy's jury verdict and guilty plea conviction and of the aider and abettor charge against Purifoy;

(2) Whether Petitioner was denied effective assistance of counsel when his trial counsel failed to request a jury instruction with respect to the charge against Purifoy and his jury verdict and guilty plea conviction; and,

(3) Whether the police officers' questioning of Petitioner violated his Fifth Amendment right to be free from compelled self-incrimination.

**SO ORDERED.**

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Elizabeth L. Jacobs, Esq.
Brad H. Beaver, Assistant Attorney General