UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN CHESTER THOMPKINS, JR.

        Petitioner,

                                                     Case No. 05-CV-70188-DT

v.                                                   Honorable Patrick J. Duggan

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING UNITED STATES SUPREME COURT DISPOSITION OF WRIT OF CERTIORARI**

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on November 19, 2009.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner, a Michigan prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 19, 2005. This Court's subsequent denial of Petitioner's request for habeas relief on September 28, 2006, was reversed in part by the Sixth Circuit Court of Appeals on November 19, 2008. *Thompkins v. Berghuis*, 547 F.3d 572 (6th Cir. 2008). The Sixth Circuit remanded the matter to this Court with instructions to order Petitioner released from state custody unless the State of Michigan commences a new trial within 180 days of the final federal-court judgment. *Id*. at 592. This Court entered such an order on March 5, 2009; however, it subsequently granted Respondent's motion to stay the order pending Respondent's petition for a writ of certiorari with the

United States Supreme Court.  In the order granting the stay, the Court instructed: "If the Supreme Court grants the petition, Respondent shall have sixty (60) days to seek and obtain a stay of further proceedings."

On September 30, 2009, the Supreme Court granted the petition for writ of certiorari.  *Berghuis v. Thompkins*, No. 08-1470.  Consistent with this Court's instructions, on November 12, 2009, Respondent filed a motion in this Court, seeking to extend the stay during the pendency of Supreme Court proceedings.  Petitioner filed a response to the motion on November 17, 2009.  In his response, Petitioner "acknowledges" that the Court "is inclined to grant a further stay;" however, he asks the Court to reduce the time period to thirty days within which the state is allowed to retry him if the Supreme Court affirms the Sixth Circuit's decision.

In light of the Supreme Court's decision to hear Respondent's appeal, this Court believes that a further stay is justified.  The factors relevant to deciding whether or not Petitioner should be released weigh in favor of his continued custody pending the Supreme Court's adjudication of the writ.  *See Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987).  However, the Court also believes that those factors do not weigh as strongly in favor of Petitioner's continued detention if the Supreme Court ultimately decides to uphold the Sixth Circuit's decision to grant habeas relief.  Thus the Court grants Respondent's request for a stay during the pendency of Supreme Court proceedings but holds that, *if* the Supreme Court issues a decision upholding the Sixth Circuit's grant of habeas corpus relief, Petitioner must be released from state custody unless the State of Michigan commences a new trial within thirty (30) days of that

decision.

    **SO ORDERED**.

DATE: November 19, 2009      <u>s/PATRICK J. DUGGAN</u>
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Elizabeth L. Jacobs, Esq.
Brad H. Beaver, Esq.