UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN CHESTER THOMPKINS, JR.

        Petitioner,

                                        Case No. 05-CV-70188-DT
v.                                       Honorable Patrick J. Duggan

MARY BERGHUIS,

        Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR CLARIFICATION OF NOVEMBER 19, 2009 ORDER GRANTING STAY

      Petitioner, a Michigan prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 19, 2005. This Court's subsequent denial of Petitioner's request for habeas relief on September 28, 2006, was reversed in part by the Sixth Circuit Court of Appeals on November 19, 2008. *Thompkins v. Berghuis*, 547 F.3d 572 (6th Cir. 2008). The Sixth Circuit remanded the matter to this Court with instructions to order Petitioner released from state custody unless the State of Michigan commences a new trial within 180 days of the final federal-court judgment. *Id*. at 592. This Court entered such an order on March 5, 2009; however, it subsequently granted Respondent's motion to stay the order pending Respondent's petition for a writ of certiorari with the United States Supreme Court.

      The Supreme Court subsequently granted the petition for certiorari and this Court issued a second stay order on November 19, 2009. This second stay order provided:

           [T]he Court grants Respondent's request for a stay during the

> pendency of Supreme Court proceedings but holds that, *if* the Supreme Court issues a decision upholding the Sixth Circuit's grant of habeas corpus relief, Petitioner must be released from state custody unless the State of Michigan commences a new trial within thirty (30) days of that decision.

(Doc. 41.) Respondent filed a motion on March 26, 2010, asking the Court to clarify whether the thirty days begins to run from the date of the Supreme Court's decision or the date of the Supreme Court's mandate in the case. Petitioner has not responded to the motion.

Pursuant to Supreme Court Rule 45, a mandate does not issue until twenty-five (25) days after entry of the judgment. Sup. Ct. R. 45.1. However, the same rule states that "[I]n a case on review from any court of the United States, . . . a formal mandate does not issue unless specially directed." *Id*. 45.2. Instead, the Supreme Court Clerk sends the clerk of the lower court a copy of the Supreme Court's opinion or order and a certified copy of the judgment. *Id*. The losing party can file a petition for rehearing within twenty-five days of the Court's decision or judgment, *see* Sup. Ct. R. 44, which will stay the matter until disposition of the petition unless the Court orders otherwise. Sup. Ct. R. 45.

Therefore, it is this Court's intention that its November 19, 2009 stay will remain in effect until the twenty-five (25) days for filing a motion for rehearing expires *or*, if a petition for rehearing is filed, the date the Supreme Court disposes of the petition. In other words, the thirty (30) days allowed for the State of Michigan to commence a new trial does not begin to run until the time for filing a petition for rehearing expires or, if a petition is filed, the date the Supreme Court disposes of the petition.

2

**SO ORDERED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Elizabeth L. Jacobs, Esq.
Brad H. Beaver, Esq.