UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN CHESTER THOMPKINS, JR,

        Petitioner,

v.

                                                    Case No. 05-70188
                                                    Honorable Patrick J. Duggan

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

On January 19, 2005, Petitioner Van Chester Thompkins, Jr. ("Petitioner"), a Michigan prisoner, filed a petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by his attorney, Petitioner challenged his conviction for first-degree murder and other offenses. Petitioner asserted four arguments in support of his request for habeas relief, including a claim that his Fifth Amendment rights were violated when he remained mute for three hours during police interrogation but, near the end, answered "yes" when asked if he prayed to God to forgive him for the shooting. Petitioner also claimed that he received ineffective assistance of trial counsel due to counsel's failure to object to evidence concerning the outcome at an accomplice's trial. In an opinion and order issued September 28, 2006, this Court denied the petition. The Sixth Circuit Court of Appeals subsequently reversed this Court's decision. *Thompkins v. Berghuis*, 547 F.3d 572 (6th Cir. 2008). However, the United States Supreme Court granted certiorari to review the decision and, on June 1, 2010, concluded that Petitioner is

not entitled to the writ of habeas corpus. *Berghuis v. Thompkins*, – U.S. – , 130 S. Ct. 2250 (2010). Now before this Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed November 18, 2010.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence.[1] In his pending motion, Petitioner contends that he is entitled to relief from judgment because Detective Christopher Helgert– one of the two detectives that conducted his interrogation and the detective who testified at trial concerning Petitioner's statements during the interrogation– "committed a fraud upon the courts by giving false testimony regarding the statement[] allegedly given by Petitioner to a specific question." (Mot. at 3.) Petitioner claims that he never said "yes" in response to Detective Helgert's question whether he prayed to God for the shooting. He argues that this Court should have conducted an

---

[1]Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Pursuant to subsection (c) of the rule, "[a] motion under Rule 60(b) must be made within a reasonable time– and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*. 60(c).

2

evidentiary hearing, including questioning the other officer present during Petitioner's interrogation (David Dowling) to explore whether Detective Helgert was telling the truth. Petitioner also argues that his trial counsel was ineffective in failing to uncover Detective Helgert's false testimony, including failing to call Detective Dowling to testify.

This Court must determine first whether Petitioner's motion in fact is a Rule 60(b) motion or whether it should be construed as a second or successive habeas petition, which this Court may not consider absent an authorizing order from the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). The Supreme Court considered the relationship between Rule 60(b) and habeas review in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005). The *Gonzalez* Court held that a Rule 60(b) motion should be construed as a successive habeas petition when it attacks the state court's judgment of conviction, rather than the integrity of the judgment that granted or denied federal habeas corpus relief. 545 U.S. 524, 530-33, 125 S. Ct. 2641, 2647-48. When a 60(b) motion attacks the merits of a conviction or sentence, or "if it attacks the federal court's previous resolution of a claim *on the merits*," it should be construed as a habeas petition. *Id*. at 532, 125 S. Ct. at 2648 (emphasis in original). In comparison, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion should not be construed as a second or successive habeas petition. *Id*.

In his pending motion, Petitioner is not actually arguing that Detective Helgert committed a fraud on this Court (in fact the officer did not testify or present evidence

3

here). Rather, Petitioner is claiming that Detective Helgert committed a fraud upon the state court by testifying falsely during Petitioner's trial. That claim and Petitioner's claim that his trial counsel was ineffective in failing to present evidence to demonstrate Detective Helgert's fraud constitute "claims" as used in § 2244(b) as they attack the validity of his conviction. Petitioner must move in the Sixth Circuit Court of Appeals if he wishes to pursue these claims.

To the extent Petitioner challenges this Court's failure to conduct an evidentiary hearing prior to rejecting his Fifth Amendment claim in support of his request for habeas relief, Rule 60(b) *is* the proper vehicle for asserting this challenge. Nevertheless, this Court's decision analyzing Petitioner's Fifth Amendment claim no longer exists. On appeal, the Sixth Circuit reversed this Court's decision and held *inter alia* that Petitioner was denied his Fifth Amendment rights. *See supra*; *see also Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 721 (E.D. Mich. 2006) (citing *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1096 (10th Cir. 1991) (quoting Black's Law Dictionary 1319 (6th ed. 1990) ("To reverse a judgment means to 'overthrow, vacate, set aside, make void, annul, repeal, or revoke it.')). "A judgment reversed by a higher court is 'without any validity, force or effect, and ought never to have existed.'" *Id*. (quoting *Butler v. Eaton*, 141 U.S. 240, 244, 11 S. Ct. 985 (1891)). Thus, any defect in this Court's decision whether or not to hold an evidentiary hearing is irrelevant, as this Court's initial judgment no longer exists by reason of the Sixth Circuit's reversal. To the extent Petitioner challenges the appellate courts' failure to conduct an evidentiary hearing, as an inferior court, this Court has no

authority to consider the propriety of that decision. *See id*. at 721.

Moreover, in his habeas petition, Petitioner did not claim that Detective Helgert lied when he testified at trial regarding Petitioner's statement when asked whether he prayed to God for the shooting. Petitioner only asserted that his answer during the interrogation was involuntary because it was obtained after three hours of questioning during which time Petitioner remained largely silent. The sole issue presented was whether Petitioner invoked his right to remain silent based on the circumstances surrounding the interrogation. An evidentiary hearing was not necessary to resolve that issue.

For the reasons set forth above, this Court concludes that Petitioner is not entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Accordingly,

**IT IS ORDERED**, that Petitioner's Rule 60(b) motion for relief from judgment is **DENIED**.

Date: March 8, 2011

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:
Van Chester Thompkins, #339216
Lakeland Correctional Facility
141 First St.
Coldwater, MI 49036

AAG Brenda E. Turner