UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN CHESTER THOMPKINS, JR,

        Petitioner,

v.                                   Case No. 05-70188
                                   Honorable Patrick J. Duggan

MARY BERGHUIS,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR REHEARING OR RECONSIDERATION

Presently before this Court is Petitioner's "Motion for Rehearing or Reconsideration Under Rule 60d Independent Criteria," filed March 22, 2011.  In his motion, Petitioner asks the Court to reconsider its opinion and order dated March 8, 2011, denying Petitioner's Rule 60(b) motion for relief from judgment.

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(h).  A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.  Petitioner fails to demonstrate that this Court committed a palpable defect in denying his Rule 60(b) motion.

Contrary to Petitioner's claim, this Court was not precluded from construing Petitioner's Rule 60 motion as a second or successive habeas corpus petition based on the

Supreme Court's decision in *Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786 (2003). In fact, the *Castro* Court recognized that a district court may ignore the legal label that a *pro se* litigant may place on a motion and recharacterize the motion under a different legal category. *Id.* at 381, 124 S. Ct. at 791. The *Castro* Court only placed a single limit on that practice when a *pro se* litigant files a motion that the court intends to recharacterize as a *first* habeas petition. *Id.* at 382, 124 S. Ct. at 792. In that instance, the Supreme Court held that a district court must notify the defendant of its intent to recharacterize the motion as a first motion to vacate and that any subsequent motion to vacate will be subject to the restrictions on second or successive motions to vacate, and provide the defendant the opportunity to withdraw the motion or amend it to contain all claims he believes he may file in a motion to vacate. *Id.* at 383, 124 S. Ct. at 792. This was not the circumstance presented by Petitioner's Rule 60(b) motion.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Rehearing or Reconsideration is **DENIED**.

Date:  March 31, 2011

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

2

Copies to:
Van Chester Thompkins, #339216
Lakeland Correctional Facility
141 First St.
Coldwater, MI 49036

AAG Brenda E. Turner