UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN CHESTER THOMPKINS, JR.,

    Petitioner,                                 Civil Case No. 05-70188
                                                   Honorable Patrick J. Duggan

v.

MARY BERGHUIS,

    Respondent,
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Van Chester Thompkins, Jr. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on September 28, 2006. The Sixth Circuit Court of Appeals thereafter reversed this Court's decision; however, on June 1, 2010, the United States Supreme Court concluded that Petitioner is not entitled to the writ of habeas corpus. *Berghuis v. Thompkins*, – U.S. – , 130 S. Ct. 2250 (2010). On November 8, 2010, Petitioner returned to this Court and filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). This Court denied the motion and Petitioner's subsequent motion for reconsideration on March 8 and 31, 2011, respectively. Petitioner seeks to appeal the Court's decisions. Therefore, on May 2, 2011, Petitioner filed a motion requesting a certificate of appealability from this Court pursuant to 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C.

§ 2253(c)(2). When a district court denies a habeas petition on the merits of the claims, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Id*. at 484-85, 120 S. Ct. at 1604. This Court denied Petitioner's Rule 60(b) motion on procedural grounds.

First, this Court concluded that the claims Petitioner asserted in his Rule 60(b) motion attacked the validity of his conviction and therefore the motion should be construed as a successive habeas petition for which Petitioner needed to seek approval from the Sixth Circuit Court of Appeals to file. (Doc. 47 at 3-4.) The Court went on to hold that, to the extent Petitioner is challenging this Court's failure to conduct an evidentiary hearing with respect to his § 2255 petition, the Sixth Circuit's reversal of this Court's decision rendered any defect in this Court's decision whether or not to hold an evidentiary hearing irrelevant. (*Id*. at 4.) This Court does not believe that jurists of reason would find the correctness of its conclusions debatable.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for a certificate of appealability with

respect to this Court's opinions and orders dated March 8 and 31, 2011 is **DENIED**.

Date:  June 1, 2011                              s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:

Van Chester Thompkins
#339216
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

AAG Brenda E. Turner