# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 02, 2018

Mr. John S. Pallas
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Van Chester Thompkins Jr.
Kinross Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, MI 49786

Re: Case No. 18-1055, *In re: Van Thompkins, Jr.*
Originating Case No. : 2:05-cv-70188 : 4:17-cv-14106

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

No. 18-1055

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 02, 2018
DEBORAH S. HUNT, Clerk

In re: VAN CHESTER THOMPKINS, JR.,

Movant.

O R D E R

Before: MOORE, GIBBONS, and McKEAGUE, Circuit Judges.

Van Chester Thompkins, Jr., a pro se Michigan prisoner, moves this court for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2244(b).

In 2002, a jury convicted Thompkins of first-degree murder, assault with intent to commit murder, felon in possession of a firearm, carrying a concealed weapon, and three counts of possession of a firearm during commission of a felony. The trial court sentenced Thompkins to an aggregate term of life imprisonment without parole. The Michigan Court of Appeals affirmed. *People v. Thompkins*, No. 242478, 2004 WL 202898 (Mich. Ct. App. Feb. 3, 2004), *perm. appeal denied*, 683 N.W.2d 676 (Mich. 2004).

Thompkins filed his initial § 2254 habeas corpus petition in 2005, raising claims of prosecutorial misconduct, ineffective assistance of counsel, a violation of his right to remain silent, and error in the denial of a motion to suppress. The district court denied the petition. This court reversed the district court's judgment denying relief as to his right-to-remain-silent and ineffective-assistance-of-counsel claims and ordered that Thompkins be released from custody unless the State of Michigan commenced a new trial within 180 days. *Thompkins v. Berghuis*, 547 F.3d 572 (6th Cir. 2008). The Supreme Court granted certiorari, however, and reversed and remanded this court's decision. *Berghuis v. Thompkins*, 560 U.S. 370 (2010).

Thompkins then sought relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), alleging fraud on the court as the result of the false testimony of a detective. The district court denied his motion. This court affirmed the district court's judgment. *Thompkins v. Berghuis*, 509 F. App'x 517 (6th Cir. 2013). Additionally, treating the appeal as a request for permission to file a second or successive petition, this court denied that request. *Id.*

In his current motion, Thompkins states that he obtained a document through a Freedom of Information Act request that suggested that prosecution witness Eric Purifoy received immunity; Thompkins claims that the prosecutor maintained at trial that no immunity was given. Thompkins also claims that he was denied his right to confront a witness against him who could have given testimony as to whether or not he made incriminating statements after he invoked his Fifth Amendment right to remain silent. This witness was another detective who was present during Thompkins's interrogation but who was never called to testify.

To raise a new claim, Thompkins must make a prima facie showing that his application presents a claim that "relies on a new rule of constitutional law, made retroactive . . . by the Supreme Court" or presents facts that "could not have been discovered previously" and would establish the petitioner's actual innocence by clear and convincing evidence. 28 U.S.C. § 2244(b)(2), (b)(3)(C).

Thompkins cannot make this showing. Thompkins does not rely on a new rule of constitutional law, but on newly discovered facts. He has not established that his facts are either actually newly discovered or that they establish his actual innocence, however. With respect to Purifoy's alleged immunity, Thompkins has not included a copy of the Freedom of Information Act documentation upon which he relies. Moreover, the district court opinion denying Thompkins's initial habeas petition expressly states that Purifoy was not given immunity.

Thompkins's allegation that he was denied his right to confront a witness against him also does not establish a prima facie showing. Because the detective did not provide any testimony, Thompkins did not have a constitutional right to confront or cross-examine him. Should Thompkins wish to claim that defense counsel was somehow ineffective for failing to

No. 18-1055
- 3 -

call the detective as a witness, that claim would not be newly discovered, but known to Thompkins at the time of his trial.

Accordingly, we **DENY** Thompkins's authorization for leave to file a second or successive habeas petition.

                           ENTERED BY ORDER OF THE COURT

                           Deborah S. Hunt, Clerk